**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| I.B.,<br><br>        Plaintiff(s),<br><br>v.<br><br>Darnell Cardines, et al.,<br><br>        Defendant(s). | Case No. 2:25-cv-01786-JAD-NJK<br><br>**Order**<br><br>[Docket Nos. 34, 36, 37] |

Pending before the Court are non-party parental objections filed on behalf of three minor students ("objecting students").  Docket Nos. 34, 36, 37.[1]  Plaintiff filed a response to the objections.  Docket No. 39.  Defendants did not file a response.  The Court does not require a hearing on the objections.  *See* Local Rule 78-1.  For the reasons discussed below, the Court **SUSTAINS** in part the non-party parental objections.

**I.      Background**

This case arises out of events allegedly occurring at an elementary school while Plaintiff was in fourth and fifth grade.  *See* Docket No. 1.  Plaintiff is Asian American and African American, and has a dark complexion.  Plaintiff alleges that he was subjected to taunting and physical attacks from other students motivated by race.  Plaintiff's mother reported these alleged incidents to the school, but asserts that the school took insufficient action in relation thereto.  Plaintiff also alleges that the school failed to properly supervise the students and protect Plaintiff from the further alleged misconduct that followed.  Plaintiff filed this suit against Clark County School District and various other defendants associated with the school district.

---

[1] Although one of the objecting parents is represented by counsel, the other two parents are proceeding *pro se*.  The Court liberally construes the filings of *pro se* litigants.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

In an effort to facilitate disclosures and discovery, the parties entered into a confidentiality agreement through which they recognized the requirement to protect certain student information pursuant to the Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. *See* Docket No. 32-1. That agreement included a procedure by which the parties would seek relief from the Court if disclosure was sought of information protected by FERPA. *See id.* at ¶ 10. On May 22, 2026, Defendants produced an amended FERPA redaction log identifying records containing related redactions. Docket No. 32 at 2-3. On May 26, 2026, the parties filed a stipulation initiating the process by which Defendant would endeavor to provide notice to affected parents and students regarding the possible de-redaction of this information, subject to the ability of the affected parents and students to file objections with the Court. *See id* at 4-5. The Court approved that process, Docket No. 33, and three parents objected on behalf of their student children, Docket Nos. 34, 36, 37. These objections are the matters currently before the Court.

**II.    Standards**

FERPA protects educational records and personally identifiable information of students from improper disclosure. *Disability Law Ctr. of Alaska, Inc. v. Anchorage Sch. Dist.*, 581 F.3d 936, 939 (9th Cir. 2009).[2] "The law conditions the receipt of federal funding by educational institutions or agencies on their compliance with certain procedures concerning the maintenance of student educational records and restricting release of student educational records to third parties without parental consent." *Doe v. Billups*, No. 2:23-cv-00334-APG-DJA, 2024 WL 406721, at *1 (D. Nev. Jan. 2, 2024).

---

[2] In the FERPA context, the term "education records" refers to documents maintained by the educational institution or agency that "contain information directly related to a student." 20 U.S.C. § 1232g(a)(4)(A)(i). In the FERPA context, the term "personally identifiable information" includes: (a) the student's name; (b) the name of the student's parent or other family members; (c) the address of the student or student's family; (d) a personal identifier, such as the student's social security number, student number, or biometric record; (e) other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name; (f) other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; and (g) information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates. 34 C.F.R. § 99.3.

While FERPA is designed to protect student information, it "does not create an evidentiary privilege and documents protected by FERPA are discoverable in the context of civil litigation." *Cherry v. Clark County Sch. Dist.*, No. 2:11-CV-01783-JCM-GWF, 2012 WL 4361101, at *5 (D. Nev. Sept. 21, 2012). An exception to FERPA's protection exists if a "disclosure is to comply with a judicial order." 34 C.F.R. § 99.31(a)(9). If such an order issues, the educational institution must undertake "reasonable effort to notify the parent or eligible student of the order . . . in advance of compliance, so that the parent or eligible student may seek protective action . . ." 34 C.F.R. § 99.31(a)(9)(ii); *see also, e.g.*, *Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ.*, No. 2:11-cv-03471-KJM-AC, 2015 WL 10939711, at *3 (E.D. Cal. July 2, 2015).

If protective action is taken by the parent or student, the burden shifts to the party seeking to discover the FERPA protected information to demonstrate "a genuine need that outweighs" the student's privacy interest. *Moeck v. Pleasant Valley Sch. Dist.*, No. 3:13-cv-1305, 2014 WL 4988274, at *3 (M.D. Penn. Oct. 7, 2014) (quoting *Rios v. Read*, 73 F.R.D. 589, 599 (E.D.N.Y. 1977)). This is a "significantly heavier burden . . . than exists with respect to discovery of other kinds of information, such as business records." *Bigge v. Dist. Sch. Bd. of Citrus Cnty., Fla.,* No. 5:11-cv-210-OC-10TBS, 2011 WL 6002927, at *2 (M.D. Fla. Nov.28, 2011); *see also, e.g.*, *Cherry*, 2012 WL 4361101, at *5 ("Given FERPA's underlying privacy concerns, it does . . . place a higher burden on a party seeking access to student records to justify disclosure than with the discovery of other types of records"). As such, the party seeking access "faces a heavy burden" to overcome the parental objection. *Moeck*, 2014 WL 4988274, at *3.[3]

**III.   Analysis**

Although FERPA protects a variety of personally identifiable information of students and parents, Plaintiff seeks revelation of only the names of the non-party students and agrees that other forms of personally identifiable information may remain redacted. *See* Docket No. 39 at 11.

---

[3] Even when the parties do not do so, the Court has its own duty to correctly articulate and apply the law. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). Plaintiff argues that the burden is on the objecting parents to maintain secrecy, but the cited case law does not arise in the FERPA context and is inapplicable here. *See* Docket No. 39 at 8-9 (citing *in re Roman Catholic Archbishop*, 661 F.3d 417, 424 (9th Cir. 2011)).

Plaintiff argues that the objecting students allegedly bullied him verbally and/or physically, such that their names are necessary for Plaintiff to determine whether Defendants' reporting and actions accurately captured the underlying information. *See id.* at 10. Plaintiff argues further that cross-referencing the names of the objecting students is important to allow him to explain the circumstances of the instances in which Plaintiff himself is identified as an offender. *See id.* at 11. In a nutshell, Plaintiff argues that an accurate picture cannot be painted of the underlying events involving several non-party students without identifying the specific student discussed in each record, such that Plaintiff would be impeded in presenting his case at trial if the names remain redacted. *See id.* at 7. Plaintiff seeks as alternative relief the revelation of only the initials of the objecting students' names. *See id.* at 11. The objecting students respond that revelation of their full names is unnecessary for Plaintiff to effectively litigate this case, with at least one of those students agreeing that sufficient information may be disclosed through use of the student's initials only. *See* Docket No. 36 at 3.

Plaintiff has not met his burden of showing a genuine need for the full names of the objecting students that outweighs their privacy interests. As a threshold matter, Plaintiff alleges that the objecting students (as fourth and fifth graders) engaged in serious racial bullying, including physical confrontation and the use of racial slurs. The racial slurs are "highly offensive and demeaning, evoking a history of racial violence, brutality, and subordination." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1116 (9th Cir. 2004). There is a corresponding opprobrium on those that use them, such that a fourth or fifth grader accused of such conduct has a significant privacy interest in such records. On the other hand, these are documents relevant to Plaintiff's claims. Plaintiff should be afforded the opportunity to present his case on the merits with clarity, which may not be possible with full redactions to the names of the objecting students. Particularly given that multiple students are at issue, the current full-name redactions may result in jury confusion and may otherwise impede resolution of the case. With that said, Plaintiff does not meaningfully address why such confusion cannot be avoided by disclosing only the initials of the objecting

students.[4]  The use of initials would enable the type of cross-referencing envisioned, as well as clear presentation of the merits as to the actions taken by Defendants in response to the alleged underlying events.  The use of initials will also protect the identity and privacy interests of the objecting students.  *Cf.* Fed. R. Civ. P. 5.2(a)(3).

**IV.    Conclusion**

For the reasons discussed above, the Court **SUSTAINS** in part the non-party parental objections.  All FERPA protected information must remain redacted for the objecting students, except that only the initials of the objecting students may be revealed.[5]  The Court **INSTRUCTS** the Clerk's Office to send a copy of this order to the *pro se* objecting parents at the mailing and emailing addresses provided.  *See* Docket No. 34 at 2, Docket No. 37 at 1.

IT IS SO ORDERED.

Dated: July 7, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] Plaintiff contends that initials may prove insufficient without additional identifiers, such as a number, so that Defendants cannot argue that one student in a document is actually a different student.  *See* Docket No. 39 at 11.  No meaningful elaboration is provided.  As the three objecting students have different initials, Plaintiff's speculative concern appears to be unfounded.

[5] Plaintiff filed a motion to seal, Docket No. 40, which the Court will resolve through separate order.