**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

I.B.,

Petitioner(s),

v.

Darnell Cardines, et al.,

Respondent(s).

Case No. 2:25-cv-01786-JAD-NJK

**ORDER**

[Docket No. 40]

Pending before the Court is Plaintiff's motion to seal. Docket No. 40. A request to seal must be "narrowly tailored" to remove from the public sphere only material warranting secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021). If confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011). Plaintiff's motion to seal is predicated entirely on the need to keep his identity private. *See* Docket No. 40 at 3. The governing rules provide that a minor's name should be redacted in filings, such that only his initials are revealed. Fed. R. Civ. P. 5.2(a)(3). That has already been occurring for Plaintiff in this case. *E.g.*, Docket No. 1. No showing has been made that entire exhibits should be sealed as opposed to redacting Plaintiff's name to reveal only his initials. Accordingly, Plaintiff's motion to seal is **GRANTED** in part and **DENIED** in part. The Clerk's Office must continue to keep the subject documents under seal. No later than July 21, 2026, however, Plaintiff must file a notice attaching the subject documents on the public docket with the additional redactions revealing his initials.

IT IS SO ORDERED.

Dated: July 14, 2026

Nancy J. Koppe
United States Magistrate Judge