Brian Blankenship, Esq.
Nevada Bar No. 11522
Austin T. Barnum, Esq.
Nevada Bar No. 15174
CLAGGETT & SYKES LAW FIRM
4101 Meadows Lane, Ste. 100
Las Vegas, Nevada 89107
(702) 655-2346 – Telephone
(702) 655-3763 – Facsimile
austin@claggettlaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

I.B., a minor, by and through his parent, JESSICA ORTA,

Plaintiff,

v.

DARNELL CARDINES, MATT LANDAHLL, ANGELA MOORE, WENDY DE MILLE, MELISSA ROEHM, SAMUEL SCAVELLA, EMILY IGNACIO, LORENA BIASSOTTI, individually in personal capacity; CLARK COUNTY SCHOOL DISTRICT, DOES I through X; ROE Corporations I through X, inclusive,

Defendants.

CASE NO. 2:25-cv-01786-JAD-NJK

**STIPULATION AND ~~PROPOSED~~ ORDER TO EXTEND DISCOVERY DEADLINES IN SCHEDULING ORDER**

**(Third Request)**

Plaintiff I.B., a minor ("Plaintiff") and Defendants Darnell Cardines, Matt Landahll, Angela Moore, Wendy de Mille, Melissa Roehm, Samuel Scavella, Emily Ignacio, Lorena Biassotti, and Clark County School District (collectively, "Defendants," and together with Plaintiff, the "Parties"), by and through their undersigned counsel of record, hereby submit the following Joint Stipulation and

Proposed Order to Extend Deadlines pursuant to LR 26-3. This is the Parties' Third Request to extend discovery deadlines. Although this request is not made within 21 days of the expert disclosure deadlines, the parties submit that their failure to act within that time frame resulted from excusable neglect for the reasons outlined below, and none of the other discovery deadlines expires within the next 21 days.

## INTRODUCTION

Plaintiff filed his complaint on September 22, 2025. ECF No. 1. Defendants filed their Answer to Complaint on November 17, 2025. ECF No. 15. The Parties submitted a joint proposed discovery plan on December 17, 2025. ECF No. 20 This Court issued the Scheduling Order the next day. ECF No. 21. On March 12, 2026, Parties submitted a joint motion to amend the scheduling order. On March 13, 2026, the Court entered its Order granting the Parties' joint motion to amend the scheduling order. ECF No. 29. On May 22, 2026, the Parties submitted their Stipulation and Proposed Order to Extend Discovery Deadlines. ECF No. 30. On May 26, 2026, The Court entered its Order granting the Parties' Second stipulation to extend. ECF 31.

The Parties now jointly request a third amendment to the current scheduling order to extend the remaining discovery deadlines by 60 days pursuant to LR 26-3.

## I. STATEMENT SPECIFYING THE DISCOVERY COMPLETED

**INITIAL DISCLOSURES:** The Parties submitted reciprocal initial disclosures on December 31, 2025. On March 19, 2026, Plaintiff served his first supplemental disclosures. On May 4, 2026, Defendants served their first supplemental disclosures. On May 8, 2026, Defendants served their second supplemental disclosures. On May

13, 2026, defendant CCSD served its FERPA redaction list, and on May 15, 2025, CCSD served its first amended FERPA redaction list together with its privilege and redaction log. On May 22, 2026, Defendants served their third supplemental disclosures. On May 26, 2026, Plaintiff served his second supplemental disclosures. On June 15, 2026, Defendants served their fourth supplemental disclosures. On June 22, 2026, Defendants served their fifth supplemental disclosures. On June 24, 2026, Plaintiff served his third supplemental disclosures. On July 15, 2026, Plaintiff served his fourth supplemental disclosures. On July 23, 2026, Defendants served their sixth supplemental disclosures. On July 28, 2026, Plaintiff served his fifth supplemental disclosures.

**CONFIDENTIALITY AGREEMENT:** From approximately January 7, 2026, to approximately March 4, 2026, the Parties engaged in discussions pertaining to a Confidentiality Agreement and considerations arising from The Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. The parties agreed to the terms of the Confidentiality Agreement on March 4, 2026.

**WRITTEN DISCOVERY:** On February 19, 2026, Plaintiff served each of defendants Angela Moore, Wendy De Mille, Samuel Scavella, Melissa Roehm, Matt Landahl, Lorena Biassotti, Emily Ignacio, and Darnell Cardines with separate interrogatories and requests for production of documents. In total, Plaintiff served 361 requests for production and 132 interrogatories. Given the scope and volume of these requests, on March 3, 2026, Defendants requested an extension to the deadline for responses thereto, which Plaintiff granted.

On April 17, 2026, Defendants served their respective responses to Plaintiff's

interrogatories and document requests.

On May 11, 2026, Defendants served Plaintiff with interrogatories, requests for production of documents, and requests for admissions.

On May 13, 2026, Defendants served a records subpoena on Jessica Orta, Plaintiff's parent.

The Parties' counsel met and conferred on May 8, 2026, and again on May 15, 2026, regarding Defendants' objections and supplemental responses to written discovery.

Between May 22, 2026, and July 23, 2026, each of the nine Defendants served supplemental and amended responses to Plaintiff's interrogatories and requests for production of documents.

On June 24, 2026, Plaintiff responded to Defendants' interrogatories, requests for production of documents, and requests for admissions.

On July 28, 2026, Plaintiff supplemented their Responses to Defendants' 1st set of requests for production of documents.

## II. SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS

**WRITTEN DISCOVERY:** Between May 22 and July 23, 2026, Defendants supplemented and amended their responses to Plaintiff's interrogatories and document requests. To the extent Plaintiff believes said supplemental responses remain deficient, there may be a need for a further meet and confer conference. Defendants are still awaiting medical and other records concerning Plaintiff in response to written discovery requests and subpoenas. .

**EXPERT DISCLOSURES:** Plaintiff retained two experts who are currently completing draft reports, and Plaintiff anticipates the need for one more expert to disclose pursuant to FRCP 26(a)(2). Defendants may retain and disclose an expert witness once the nature and type(s) of Plaintiff's alleged damages are made clear. Defendants further anticipate disclosing a rebuttal expert to respond to any opinions disclosed by Plaintiff's initial expert.

**DEPOSITIONS:** Plaintiff anticipates deposing all nine Defendants, including a 30(b)(6) deposition of the designee for Defendant Clark County School District. Plaintiff further expects to depose Defendants experts and rebuttal experts. Defendants anticipate deposing Plaintiff I.B. and his mother, Jessica Orta. Defendants further expect to depose Plaintiff's retained expert(s) and any other percipient or expert witness identified in discovery. The parties are currently making efforts to schedule depositions of the nine individual defendants.

**SUPPLEMENTAL DISCLOSURES:** Plaintiff will further supplement disclosures upon receipt of new medical records as well as subpoena responses. Defendants will continue to supplement their initial disclosures with additional information in response to Plaintiff's written discovery requests and as may otherwise be necessary under FRCP 26. Defendants will further supplement unredacted versions of the FERPA protected records upon Order of this Court and pursuant to the Confidentiality Agreement with Plaintiff.

## III. REASONS WHY THE DEADLINES WERE NOT SATISFIED

Pursuant to LR 26-3, "[a] motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the

requirements of LR IA 6-1, be supported by a showing of good cause for the extension." "A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline." LR 26-3. "A request made within 21 days of the subject deadline must be supported by a showing of good cause." *Id.*

The governing good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Macias v. Standard Fire Ins. Co.*, 2:25-CV-00900-APG-NJK, 2026 WL 789051, at *2 (D. Nev. Mar. 20, 2026) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *Id.* (citing *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). Extensions of case management deadlines are meant to arise from circumstances that could not have been reasonably foreseen at the time those deadlines were set. *Id.* (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D.Cal.1999)).

On August 4, 2026, Plaintiff's lead counsel in the above matter, Austin Barnum, Esq., suffered a medical emergency in Plaintiff's office requiring immediate transport to a local hospital by ambulance. Mr. Barnum underwent emergency spinal surgery on August 6, 2026. Mr. Barnum's recovery will require weeks of rest and rehabilitation. The surgery and subsequent recovery will prohibit his ability as lead counsel to meet the current case management deadlines already in place. The proposed 30-day extension is limited to the time that Mr. Barnum will require to

recover and meet the extended deadlines. Plaintiff also retained two experts who are preparing drafts that will require review and supplement. The extension will afford Mr. Barnum the time necessary to recover, finalize reports with the current experts, and meet the meet the requirements of Fed. R. Civ. P. 26(a)(2)(A)-(B). This case involves nine defendants and the gathering of documents and responding to 18 sets of comprehensive discovery requests has required substantial time and effort to date.

Moreover, the Parties are assessing the possibility of mediation and/or dismissal of certain Defendants to streamline the case. But if a settlement or dismissal of certain Defendants cannot be agreed upon, the Parties must, and are working diligently to, set the depositions of Plaintiff and all nine defendants in this matter. The Parties hoped to set and complete these depositions over the next 30 days until the above unforeseen circumstances transpired with Mr. Barnum's health. The extension is limited to the necessary time it will take for Mr. Barnum to recover and complete the proposed depositions and to give mediation a meaningful chance.

The parties acknowledge that the initial expert disclosure deadline expires on August 14, 2026, which is not within 21 days of their request. However, the parties submit that the above circumstances further demonstrate a showing of excusable neglect. *See Branch Bank & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017) (addressing former Local Rule 26-4); *see also* LR 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Alexander v. Las Vegas Metro. Police Dep't*, 2:24-CV-00074-APG-NJK, 2025 WL 793023, at *2 (D.

Nev. Feb. 12, 2025) (citing *Branch Banking*, 871 F.3d at 765)).

Here, the extension will not prejudice the Defendants, as this extension is limited to the time needed for Mr. Barnum's recovery and the Defendants graciously agreed to stipulate to the same. The 30-day extension will not unduly impact the proceedings, as the parties are working diligently to move this case forward and discovery is still open and ongoing between the Parties. The reason for the delay is not due to the failure of the parties' diligence but rather an unforeseen medical emergency with Plaintiff's lead counsel that occurred on August 4, 2026, resulting in emergency surgery on August 6, 2026. "Indeed, ill health is a legitimate and common reason for excusable neglect." *Williams v. Levi Strauss & Co.*, No. 2:23-cv-01850-CDS-EJY, 2024 U.S. Dist. LEXIS 23699, at *1 n.1 (D. Nev. Feb. 7, 2024) (*citing Lemoge v. United States*, 587 F.3d 1188, 1197 (9th Cir. 2009)). Finally, the Parties move this Court in good faith, as the proposed extension is limited and proportional to the medical event that occurred and necessary recovery time for Plaintiff's lead counsel. The Parties understand the importance of scheduling orders and how they are tools for district courts to manage their heavy caseloads. *Id.* (citing *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021)). Nonetheless, the parties respectfully request this additional courtesy from the Court to allow a 30-day extension to account for these emergent medical circumstances.

///

///

///

///

## IV. PROPOSED SCHEDULE

| TITLE | CURRENT DEADLINE | PROPOSED NEW DEADLINE |
|---|---|---|
| Initial Disclosures | No Change | No Change |
| Amend pleadings/add parties | No Change | No Change |
| Initial Experts | August 14, 2026 | October 14, 2026 |
| Rebuttal Experts | September 14, 2026 | November 13, 2026 |
| Discovery Cutoff | October 14, 2026 | December14 , 2026 |
| Dispositive Motions | November 13, 2026 | January 13, ~~2026~~ 2027 |

## V. CONCLUSION

For the above stated reasons, the Parties submit that there is good cause to extend the deadlines in this Courts scheduling order and that their failure to request this extension within 21 days resulted from excusable neglect. Therefore, the parties respectfully request this Court to approve the foregoing stipulation.

///

///

///

///

///

///

///

///

///

///

///

///

The parties' request extension of discovery deadlines is not made in bad faith or intended to cause any further unnecessary delay to litigate this action.

DATED this 7th day of August 2026.

**CLAGGETT & SYKES LAW FIRM**

By: /s/ Brian Blankenship
BRIAN BLANKENSHIP, ESQ.
Nevada Bar No. 11522
4101 Meadows Lane
Suite 100
Las Vegas, Nevada 89107
*Attorneys for Plaintiff*

DATED this 7th day of August 2026.

**GREENBERG TRAURIG, LLP**

By: /s/ Akke Levin
MARK E. FERRARIO, ESQ.
Nevada Bar No. 01625
KARA B. HENDRICKS
Nevada Bar No. 07743
AKKE LEVIN, ESQ.
Nevada Bar No. 09102
10845 Griffith Peak Drive, Ste 600
Las Vegas, Nevada 89135
*Counsel for Clark County School District, Darnell Cardines, Matt Landahll, Angela Moore, Wendy de Mille, Melissa Roehm, Samuel Scavella, Emily Ignacio, and Lorena Biassotti*

**IT IS SO ORDERED**

______________________________
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** August 10, 2026